**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

  *Plaintiff-Appellee,*

v.

TIRON WHEELER,

  *Defendant-Appellant.*

No. 03-4414

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
William M. Nickerson, Senior District Judge.
(CR-01-422-WMN)

Submitted: December 10, 2003

Decided: December 29, 2003

Before LUTTIG, WILLIAMS, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

James Wyda, Federal Public Defender, Denise C. Barrett, Assistant Federal Public Defender, Baltimore, Maryland, for Appellant. Thomas M. DiBiagio, United States Attorney, Jacabed Rodriguez-Coss, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Tiron Wheeler appeals his convictions for conspiracy to commit carjacking, in violation of 18 U.S.C. § 371 (2000); carjacking, in violation of 18 U.S.C. § 2119 (2000); interstate transportation of stolen property, in violation of 18 U.S.C. § 2314 (2000); and using or carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (2000). He was sentenced to 120 months on each of the first three counts, to be served concurrently, and a consecutive sentence of 120 months on the fourth count.

On appeal, Wheeler asserts: (1) his Fifth Amendment right to counsel and to remain silent were violated; (2) any waiver of his right to remain silent and to an attorney was not knowing and voluntary; and (3) the district court erred in denying Wheeler's motion for a mistrial after an FBI agent on cross examination mentioned evidence linking Wheeler to another crime. We have examined these claims and conclude that they lack merit.

Wheeler was arrested on March 10 and questioned by Pennsylvania police about selling a stolen car. Wheeler was advised of his rights and stated that he understood them, waived them, and would talk to police. He added that he "wanted to call his family to see about a lawyer." Wheeler was then taken to the hospital for treatment of an injury to his right hand. Later that day, on being readvised of his rights Wheeler again agreed to waive them and talk to police. He gave statements during the subsequent interview. On March 23, Wheeler spoke to Baltimore police regarding the carjacking offense at issue in this case. Wheeler was again advised of his rights and again agreed to waive them and talk to police. He provided a lengthy statement.

Wheeler contends that his comment that he wanted to call his family to see about a lawyer was an assertion of his right to counsel, suf-

ficiently clear to require cessation of questioning. The district court concluded this was not a clear invocation of the right to counsel. We agree. In *Davis v. United States*, 512 U.S. 452, 455 (1994), the Supreme Court held that a suspect must clearly and unambiguously request a lawyer to invoke his Fifth Amendment right to counsel. Davis's statement, "Maybe I should talk to a lawyer," was not a sufficiently unambiguous request for counsel to require that authorities cease questioning. *Id*. We hold that Wheeler's statement in this case that he wanted to "call [his] family to see about a lawyer," (J.A. at 84.), likewise is not a clear, unambiguous request for counsel. See *id*.

Wheeler argues that his case is distinguishable, as *Davis* applies only where a waiver of rights has already occurred and in this case he had not made that initial waiver. However, the record reveals that Wheeler had been informed of his rights and agreed to waive them and speak to police before he made his ambiguous comment. Thus, we need not decide whether *Davis* applies to pre-waiver, ambiguous requests for counsel.

Wheeler next claims he did not make a knowing and intelligent waiver of his Fifth Amendment rights. In order for a waiver of the rights protected by the *Miranda* warning to be valid, it must be (1) voluntary rather than forced through intimidation, coercion or deception; and (2) made with an awareness of the right being waived and the consequences of such a waiver. *United States v. Cristobal*, 293 F.3d 134, 139-40 (4th Cir.), *cert. denied*, 537 U.S. 963 (2002). Here, there is no allegation that Wheeler's will was overborne by police coercion or that his ability to comprehend his situation was seriously impaired. *Id.* at 140.

For a waiver to be knowing and intelligent, the totality of the circumstances must demonstrate that the defendant understood that had the right to remain silent and that if he waived that right, anything that he said could be used against him. *Id.* at 142. Wheeler argues he did not understand that, if he chose to invoke his right to counsel or to silence after interrogation had begun, information he had already disclosed could be used against him.

There is no reason to believe that Wheeler's waiver in this case was not knowing and intelligent. The fact that Wheeler asked whether "he

was waiving is [his rights] forever" does not reveal a lack of under-standing of the rights that he was waiving. The police gave Wheeler an accurate response, and Wheeeler did not subsequently invoke his rights. Therefore, the motion to suppress was properly denied.

Finally, Wheeler alleges that the district court erred in denying his motion for a mistrial. Wheeler asserts that, on cross-examination, gra-tuitous testimony by a government witness linked him to a homicide in another state and improperly prejudiced him before the jury. We review the denial of a motion for mistrial for abuse of discretion. *United States v. Hayden*, 85 F.3d 153, 156-57 (4th Cir. 1996). The testimony that Wheeler complains of came in direct response to ques-tions asked by defense counsel while he was probing into the contents of Wheeler's statements to the police and the quality of Wheeler's cooperation. Wheeler had insisted that his counsel pursue the particu-lar line of inquiry over his counsel's objection and after being warned by the court that "if he continue[d] this cross-examination, . . . infor-mation may come out from the agent that would be very damaging to [him]." (J.A. 329.) "If such behavior on the part of the defendant were held to require a mistrial, 'it would provide an easy device for defendants to provoke mistrials whenever they might choose to do so.'" *United States v. Stewart*, 256 F.3d 231, (4th Cir. 2001) (quoting *United States v. West*, 877 F.2d 281, 289 (4th Cir. 1989)). Because Wheeler elicited the allegedly prejudicial testimony, the court did not abuse its discretion when it denied his mistrial motion.

We affirm Wheeler's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*