**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 07-4934**

───────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

RANDALL SMITH,

              Defendant - Appellant.

───────────

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Frank D. Whitney,
District Judge.  (3:06-cr-00416-FDW)

───────────

Submitted:  May 12, 2008            Decided:  June 13, 2008

───────────

Before NIEMEYER and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Claire J. Rauscher, Executive Director, Ross Richardson, FEDERAL
DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North
Carolina, for Appellant.  Gretchen C. F. Shappert, United States
Attorney, Adam Morris, Assistant United States Attorney, Charlotte,
North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Randall Smith appeals his convictions and sentence after a jury found him guilty of one count of bank robbery by force or violence, in violation of 18 U.S.C. § 2113(a), (d) (2000), one count of bank larceny, in violation of 18 U.S.C. § 2113(b) (2000), and one count of possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (2000). The district court sentenced Smith to concurrent terms of seventy-one months of imprisonment on the bank robbery counts and a consecutive eighty-four months on the firearm count, for a total of 155 months of imprisonment. We affirm.

Smith first argues that the district court erred by denying his motion to suppress his post-arrest statement, because the officers conducting the interview ignored his request for an attorney and violated his right to counsel. The district court denied Smith's motion based, in part, on its finding that he did not unequivocally invoke his right to counsel and signed the waiver form after commenting about a lawyer. The factual findings underlying a motion to suppress are reviewed for clear error, while the legal determinations are reviewed de novo. See Ornelas v. United States, 517 U.S. 690, 691 (1996); United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992). When a suppression motion has been denied, this court reviews the evidence in the light most

favorable to the government. See United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998).

In order to invoke his right to counsel and prevent further interrogation, a defendant "must unambiguously request [the assistance of] counsel." Davis v. United States, 512 U.S. 452, 459 (1994); United States v. Cardwell, 433 F.3d 378, 389 (4th Cir. 2005); Burket v. Angelone, 208 F.3d 172, 197-98 (4th Cir. 2000) (holding that statement during interrogation, "I think I need a lawyer," did not amount to unequivocal request for counsel). Merely mentioning the word "attorney" is not sufficient to invoke the right to counsel and prevent further interrogation. Poyner v. Murray, 964 F.2d 1404, 1410-12 (4th Cir. 1992). If a suspect equivocates in his request for counsel, police officers may continue to question the suspect. See Davis, 512 U.S. at 458-62. In this case, Smith remarked "I think I might need to talk to a lawyer," and signed the waiver of his rights after he made this statement. We conclude that the district court correctly found that Smith did not clearly and unambiguously invoke his right to counsel, and the officers did not violate that right by continuing to advise him of his rights and questioning him after he signed a written waiver of those rights. The motion to suppress was properly denied.

Smith next argues that the district court erred in admitting a photograph of him that was taken approximately six

weeks after the bank robbery because it was unfairly prejudicial. Under Fed. R. Evid. 403, relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Review of a district court's determination of the admissibility of evidence is for abuse of discretion. See United States v. Brooks, 111 F.3d 365, 371 (4th Cir. 1997). This court has noted that "[p]rejudice, as used in Rule 403, refers to evidence that has an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." United States v. Queen, 132 F.3d 991, 994 (4th Cir. 1997) (internal quotation marks omitted). Our review of the record convinces us that the district court did not abuse its discretion in admitting the photograph.

Smith's final assertion is that the district court erred in denying his request for a two point reduction in his offense level for acceptance of responsibility. A district court's determination as to the defendant's acceptance of responsibility is a factual question reviewed for clear error. United States v. Ruhe, 191 F.3d 376, 388 (4th Cir. 1999). To receive an adjustment for acceptance of responsibility, a defendant must "prove by a preponderance of the evidence that he has clearly recognized and affirmatively accepted personal responsibility for his criminal

conduct." <u>United States v. May</u>, 359 F.3d 683, 693 (4th Cir. 2004) (citing <u>United States v. Nale</u>, 101 F.3d 1000, 1005 (4th Cir. 1996)). The commentary to the Guideline provision governing acceptance of responsibility provides that the adjustment is generally not available to a defendant who pleads not guilty and proceeds to a contested trial. The adjustment may be applicable, however, in limited circumstances to a defendant who pleads not guilty and "goes to trial to assert and preserve issues that do not relate to factual guilt (<u>e.g.</u>, to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct)." <u>U.S. Sentencing Guidelines Manual</u> § 3E1.1, cmt. (n.2) (2006). We agree with the district court's finding that this was not one of the rare cases in which a defendant may proceed to trial but receive an adjustment for acceptance of responsibility.

Accordingly, we affirm Smith's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>