**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 09-4812**

───────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

    v.

KENDRICUS MARQUELL WILLIAMS,

              Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  Louise W. Flanagan,
Chief District Judge.  (5:08-cr-00174-1)

───────────

Argued:  May 12, 2011          Decided:  September 20, 2011

───────────

Before DUNCAN and AGEE, Circuit Judges, and David C. NORTON,
Chief United States District Judge for the District of South
Carolina, sitting by designation.

───────────

Affirmed by unpublished per curiam opinion.

───────────

**ARGUED:** Joseph Edward Zeszotarski, Jr., POYNER SPRUILL LLP,
Raleigh, North Carolina, for Appellant.  Jennifer P. May-Parker,
OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina,
for Appellee.  **ON BRIEF:** George E. B. Holding, United States
Attorney, William M. Gilmore, Assistant United States Attorney,
OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina,
for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kendricus Marquell Williams appeals his conviction on nine counts of unlawfully obstructing, delaying, and affecting, and attempting to obstruct, delay, and affect, commerce and the movement of articles and commodities in such commerce by robbery, in violation of 18 U.S.C. § 1951 (Counts One, Three, Five, Seven, Nine, Eleven, Thirteen, Fifteen, and Seventeen); nine counts of using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) (Counts Two, Four, Six, Eight, Ten, Twelve, Fourteen, Sixteen, and Eighteen); and possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924 (Count Nineteen). Williams was sentenced to 235 months on each of Counts One, Three, Five, Seven, Nine, Eleven, Thirteen, Seventeen, and Nineteen, to be served concurrently; 84 months on Count Two, to be served consecutively; and 300 months on each of Counts Four, Six, Eight, Ten, Twelve, Fourteen, Sixteen, and Eighteen, to be served consecutively.

On appeal, Williams raises several issues. Williams argues that the district court should have suppressed his incriminating statements because he invoked his right to counsel during a custodial interrogation and because the failure to record his statements violated due process. He contends that the district

2

court should not have admitted evidence of a 911 call or concerning an uncharged robbery. Finally, Williams argues that the district court erred by denying his motion for acquittal on two counts because of a variance between the indictment and the proof at trial. For the reasons set forth below, we affirm.

I.

Williams first argues that his incriminating statements and the fruits of those statements should have been suppressed. When considering the denial of a motion to suppress, we review factual findings for clear error and legal determinations de novo. United States v. Lewis, 606 F.3d 193, 197 (4th Cir. 2010). Here, we "construe the evidence in the light most favorable to the prevailing party," the government, and give "due weight to inferences drawn from those facts by resident judges and law enforcement officers." Id.

The facts found by the district court are as follows. After a high-speed chase, law enforcement officers apprehended and interrogated Williams in connection with a robbery of a convenience store. The officers advised Williams of his right to remain silent and right to assistance of counsel. Williams indicated that he wished to waive these rights both orally and in writing. Then, during the course of the interview, and after confessing to at least one robbery, Williams said, "I don't

3

think I want to say anything more until I talk to a lawyer."

After making this statement, however, Williams continued to talk and confessed to committing numerous robberies. The police did not prompt Williams to continue speaking. On two additional occasions during the interrogation, Williams confirmed his desire to continue to speak with the officers. Williams then led one of the officers to the scenes of some of the robberies and confessed to additional robberies. The following day, an officer again advised Williams of his rights, and Williams signed a <u>Miranda</u> waiver form. Williams then confessed to two additional robberies. The police did not make an audio or video recording of Williams' confession.

Williams challenges the district court's denial of his motion to suppress the incriminating statements he made during these custodial interrogations. Williams argues that he invoked his right to counsel and that his statements should have been recorded. Williams' arguments fail because his request for counsel was equivocal, he reinitiated contact with the officers, and he did not have a right to have his statements audio or video recorded.

A.

Williams contends that his statement, "I don't think I want to say anything more until I talk to a lawyer," was an assertion

4

of his right to counsel, sufficiently clear to require cessation of questioning by the officers. The district court concluded that this statement was not a clear invocation of the right to counsel. We agree.

In Davis v. United States, 512 U.S. 452, 461-62 (1994), the Supreme Court held that a suspect must unequivocally state that he desires the assistance of an attorney to invoke his Fifth Amendment right to counsel. Such statements are analyzed under an objective standard that takes into consideration the circumstances surrounding the statement. Davis, 512 U.S. at 459 (The suspect "must articulate his desire to have counsel present sufficiently clearly that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney").

Williams' statement is substantially similar to statements the Supreme Court and this court have held to be equivocal, and thus, insufficient invocations of the right to counsel.[1]

---

[1] See, e.g., Davis, 512 U.S. at 455 ("Maybe I should talk to a lawyer."); United States v. Smith, 281 F. App'x 198, 200 (4th Cir. 2008) ("I think I might need to talk to a lawyer."); Johnson v. Harkleroad, 104 F. App'x 858, 867 (4th Cir. 2004) ("[M]aybe I should stop talking and get a lawyer."); United States v. Wheeler, 84 F. App'x 304, 306 (4th Cir. 2003) ("[I] want[] to call my family to see about a lawyer."); Burket v. Angelone, 208 F.3d 172, 199 (4th Cir. 2000) ("I need somebody that I can talk to."); Mueller v. Angelone, 181 F.3d 557, 573 (4th Cir. 1999) ("Do you think I need an attorney here?").

5

Furthermore, as discussed below, this statement was made in the midst of a continuous flow of conversation, thus, "in light of the circumstances," an objective listener could not have known anything more than that Williams "might" have wanted the assistance of counsel, which is an insufficient invocation of Fifth Amendment rights. See id. We, therefore, agree with the district court that Williams' statement was equivocal and not subject to suppression.

## B.

Even if Williams had unequivocally invoked his right to counsel, he waived it by continuing to speak with the officers without their prompting. In Edwards v. Arizona, 451 U.S. 477, 484-85 (1981), the Supreme Court held that if a suspect has "invoked his right to have counsel present during [a] custodial interrogation," authorities may not "subject [him] to further interrogation . . . until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police." See also United States v. Cain, 524 F.3d 477, 482-83 (4th Cir. 2008) ("[W]here a defendant initiates contact with law enforcement officers, he may validly waive his Sixth Amendment rights, and submit to Government interrogation, even if he is represented by an attorney."). As noted, the district court found that after

6

Williams said, "I don't think I want to say anything more until I talk to a lawyer," he continued speaking to the officer without being prompted. Courts are required to determine whether a defendant waived his Miranda rights under the totality of the circumstances. United States v. Cardwell, 433 F.3d 378, 389 (4th Cir. 2005). Based on the totality of the circumstances, Williams waived his Miranda rights by initiating further conversation with the officers.

## C.

Williams' assertion of a constitutional right to have his confession recorded is similarly unavailing. Williams reasons that two jurisdictions, Minnesota and Alaska, have imposed a duty to record a defendant's purported confession, and that we should find that, "under the specific facts of this case," the officers' failure to record Williams' statements violated his due process rights. Williams fails to cite any binding legal authority for this proposition, which we reject. Based on the foregoing, we affirm the district court's ruling denying Williams' motion to suppress his confession.

## II.

Williams challenges the admission of evidence concerning an uncharged robbery and a 911 recording. Pursuant to Rule 404(b)

of the Federal Rules of Evidence, the district court admitted evidence regarding Williams' role in an uncharged robbery. The evidence included testimony by Williams' accomplice, who explained that he assisted Williams in committing the uncharged robbery in the period of time between the robberies charged in Counts Eleven and Thirteen. The district court judge instructed the jury that it could only consider the uncharged robbery to evaluate the defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, and that they could not use the evidence to determine whether Williams had a "bad character" or to infer that Williams committed the charged robberies because of a prior bad act. The district court also admitted a recording of a 911 call concerning the events charged in Counts Thirteen and Fourteen. The call was made by a clerk who worked at a store Williams robbed and was shot by Williams. The judge excluded the more gruesome portions of the recording.

We review evidentiary rulings for abuse of discretion. United States v. Basham, 561 F.3d 302, 325-26 (4th Cir. 2009). The district court did not abuse its discretion in admitting evidence concerning the uncharged robbery because the robbery was relevant to Williams' means, motive, identity, and modus operandi, as required by Rule 404(b), and the court admitted the evidence solely for a limited purpose. Details concerning the

8

uncharged robbery also helped to establish that Williams possessed a firearm in the days leading up to the robbery charged in Count Thirteen. Any risk that the jury could have misused this evidence was mitigated by the district court judge's appropriate limiting instruction. See United States v. Branch, 537 F.3d 328, 342 (4th Cir. 2008), cert. denied, 129 S. Ct. 943 (2009).

Williams' argument that the 911 call was not probative of any element of a crime is without merit. In the recording, the clerk provided a description of the robber and stated that the robber had carried a firearm during the commission of the robbery. Furthermore, the danger of unfair prejudice did not substantially outweigh the probative value of the evidence so as to require exclusion under Rule 403: (1) the recording was the only available description of the robbery and robber for Counts Thirteen and Fourteen since the only witness, the clerk, had returned to his home in India at the time of trial;[2] and (2) the district judge excluded the more gruesome and potentially prejudicial portions of the recording.

---

[2] The district court found that the absence of the clerk from the country was in no way the fault of the government. Williams does not contest this finding.

III.

Williams argues that pursuant to Rule 29 of the Federal Rules of Criminal Procedure, the trial court should have acquitted him of the robbery charged in Counts Eleven and Twelve because the indictment incorrectly listed the name of the convenience store which was robbed as "Uncle *Bob's* Mini Mart" instead of "Uncle *Bill's* Mini Mart." "A variance between the indictment and proof at trial does not require reversal or dismissal of those charges unless it affected the substantial rights of the defendant and thereby resulted in actual prejudice." United States v. Mehta, 594 F.3d 277, 280 (4th Cir. 2010). Prejudice is apparent if "the variance surprises the defendant at trial and thereby hinders his ability to prepare for his defense. . . ." Id. at 281. The burden to show prejudice is on the defendant. Id.

Williams has never claimed that he was surprised by the discrepancy between the indictment and the evidence presented at trial. Before trial, Williams received copies of the police reports regarding the robbery, which referred to the business by both names. Furthermore, the indictment correctly lists the address of the store that was robbed and all but one word of the store's name is correctly stated. We therefore affirm the district court's refusal to acquit Williams of Counts Eleven and Twelve.

10

IV.

Based on the foregoing, we affirm Williams' conviction and sentence.

<u>AFFIRMED</u>